UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MALIK L. BROWN,

                              Plaintiff,

                -against-

STEPHEN URBANSKI, *et al.*,

                             Defendants.

21-CV-0214 (CS)

ORDER OF SERVICE

CATHY SEIBEL, United States District Judge:

      Plaintiff, currently incarcerated in Midstate Correctional Facility, brings this *pro se* action under 42 U.S.C. § 1983, alleging that Defendants violated his federal constitutional rights when he was incarcerated in Fishkill Correctional Facility. By order dated February 16, 2021, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* ("IFP").[1]

## DISCUSSION

**A.    Service on Defendants**

      Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service. *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)). Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that the summons and complaint be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served the

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

summonses and complaint until the Court reviewed the complaint and ordered that summonses be issued. The Court therefore extends the time to serve until 90 days after the date the summonses are issued. If the complaint is not served within that time, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

To allow Plaintiff to effect service on Defendants Stephen Urbanski, Issa Yunes, Joseph Deacon, Mark Delbianco, Sharon Frost, Emily Williams, Alexander Minard, Brenda Walsh, Danielle Cebron, and Anthony Annucci through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for each of these defendants. The Clerk of Court is further instructed to issue summonses and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon these defendants.

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

**B.      Local Civil Rule 33.2**

Local Civil Rule 33.2, which requires defendants in certain types of prisoner cases to respond to specific, court-ordered discovery requests, applies to this action. Those discovery requests are available on the Court's website under "Forms" and are titled ["Plaintiff's Local Civil Rule 33.2 Interrogatories and Requests for Production of Documents."](#) Within 120 days of

service of the complaint, Defendants must serve responses to these standard discovery requests. In their responses, Defendants must quote each request verbatim.[2]

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff, together with an information package.

The Clerk of Court is further instructed to issue summonses, complete the USM-285 forms with the addresses for Defendants Stephen Urbanski, Issa Yunes, Joseph Deacon, Mark Delbianco, Sharon Frost, Emily Williams, Alexander Minard, Brendan Walsh, Danielle Cebron, and Anthony Annucci, and deliver to the U.S. Marshals Service all documents necessary to effect service.

Local Civil Rule 33.2 applies to this action.

SO ORDERED.

Dated:  February 22, 2021
        White Plains, New York

_____
CATHY SEIBEL
United States District Judge

---

[2] If Plaintiff would like copies of these discovery requests before receiving the responses and does not have access to the website, Plaintiff may request them from the Pro Se Intake Unit.

## DEFENDANTS AND SERVICE ADDRESSES

1. Stephen Urbanski
   Deputy Superintendent of Security
   Fishkill Correctional Facility
   271 Mattawan Road
   P.O. Box 1245
   Beacon, NY 12508

2. Issa Yunes
   Correctional Officer
   Fishkill Correctional Facility
   271 Mattawan Road
   P.O. Box 1245
   Beacon, NY 12508

3. Joseph Deacon
   Corrections Sergeant
   Fishkill Correctional Facility
   271 Mattawan Road
   P.O. Box 1245
   Beacon, NY 12508

4. Mark Delbianco
   Correctional Officer
   Fishkill Correctional Facility
   271 Mattawan Road
   P.O. Box 1245
   Beacon, NY 12508

5. Sharon Frost
   Deputy Superintendent of Administration
   Fishkill Correctional Facility
   271 Mattawan Road
   P.O. Box 1245
   Beacon, NY 12508

6. Emily Williams
   First Deputy Superintendent of Corrections
   Fishkill Correctional Facility
   271 Mattawan Road
   P.O. Box 1245
   Beacon, NY 12508

7.       Alexander Minard
          Correctional Officer
          Fishkill Correctional Facility
          271 Mattawan Road
          P.O. Box 1245
          Beacon, NY 12508

8.       Brendan Walsh
          Correctional Officer
          Fishkill Correctional Facility
          271 Mattawan Road
          P.O. Box 1245
          Beacon, NY 12508

9.       Nurse Danielle Cebron
          Fishkill Correctional Facility
          271 Mattawan Road
          P.O. Box 1245
          Beacon, NY 12508

10.      Anthony Annucci
          Acting Commissioner, New York State DOCCS
          The Harriman State Campus, Building 2
          1220 Washington Avenue
          Albany, NY 12226-2050