UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------- X
MALIK L. BROWN,

                         Plaintiff,

          - against -                             Case No. 21 Civ. 214 (CS)

STEPHEN URBANSKI, ISSA YUNES, JOSEPH
DEACON, MARK DELBIANCO, ALEXANDER
MINARD, BRENDAN WALSH, DANIELLE CEBRON,
ANTHONY ANNUCCI,

                         Defendants.
------------------------------------------------------------------------- X


# DEFENDANTS' REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF THEIR MOTION TO DISMISS THE FIRST AMENDED COMPLAINT


                                            LETITIA JAMES
                                            Attorney General
                                            State of New York
                                            <u>Attorney for Defendants</u>
                                            28 Liberty Street
                                            New York, New York 10005
                                            (212) 416-8973

BRENDAN M. HORAN
Assistant Attorney General
     <u>of Counsel</u>

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
MALIK L. BROWN,                                            :
                                                           :
                              Plaintiff,                   :
                                                           :
              - against -                                  :   Case No. 21 Civ. 214 (CS)
                                                           :
STEPHEN URBANSKI, ISSA YUNES, JOSEPH                       :
DEACON, MARK DELBIANCO, ALEXANDER                          :
MINARD, BRENDAN WALSH, DANIELLE CEBRON,                    :
ANTHONY ANNUCCI,                                           :
                                                           :
                              Defendants.                  :
------------------------------------------------------------------------X
```

### DEFENDANTS' REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF THEIR MOTION TO DISMISS THE FIRST AMENDED COMPLAINT

Defendants Deputy Superintendent of Security Stephen Urbanski, Correction Officer Issa Yunes, Correction Sergeant Joseph Deacon, Correction Officer Mark DelBianco, Correction Officer Alexander Minard, Correction Officer Brendan Walsh, Nurse Danielle Cebron, and Acting Commissioner Anthony Annucci (collectively "Defendants"), by their attorney, Letitia James, Attorney General, State of New York, respectfully submit this reply memorandum of law in further support of their motion to dismiss the First Amended Complaint ("FAC") (ECF No. 30) pursuant to Rule 12(b)(1) and Rule 12(b)(6) of the Federal Rules of Civil Procedure.

### PRELIMINARY STATEMENT

Malik Brown, a pro se plaintiff, is an incarcerated individual currently in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS"). Plaintiff brings this action against various DOCCS employees claiming that they are liable for injuries Plaintiff suffered during a physical altercation with another incarcerated individual on June 14, 2020 at Fishkill Correctional Facility ("Fishkill"). However, as discussed in

Defendants' moving brief, and not rebutted by Plaintiff's opposition, the First Amended Complaint fails to state a claim and therefore should be dismissed in its entirety.  While Plaintiff's opposition alleges that his nonparty assailant had a history of violence, he does not provide any basis for an inference that Defendants were aware of a specific risk, yet failed to take reasonable precautions.  Further, Plaintiff's description of a video makes even clearer that there is no support for Plaintiff's contention that any Defendant inappropriately failed to act to protect Plaintiff once a risk to his safety was clear.  Plaintiff fails to address the other arguments in Defendants' motion.

## ARGUMENT

## POINT I

**PLAINTIFF'S OPPOSITION FAILS TO SUPPORT STATE A CLAIM FOR DELIBERATE INDIFFERENCE WITH REGARD TO PLAINTIFF'S ASSAULT BY ANOTHER INCARCERATED INDIVIDUAL**

As discussed in Defendants' moving brief at Point I, the FAC should be dismissed because Plaintiff's allegations fail to support the existence of any culpable intent sufficient to establish deliberate indifference by the Defendants in failing to protect Plaintiff, and therefore there is no deprivation sufficient to implicate the United States Constitution.  Plaintiff's opposition does not point to any allegations supporting the Defendants' deliberate indifference to a risk to Plaintiff here.

Instead, Plaintiff's opposition merely points to the allegation that his assailant "has an extreme history of violence" and that Plaintiff was placed in an outdoor recreation yard with multiple other incarcerated individuals in restraints.  However, to state a cognizable constitutional claim for deliberate indifference to safety, an incarcerated individual "must allege actions or omissions sufficient to demonstrate deliberate indifference; mere negligence will not

suffice." Hayes v. N.Y.C. Dep't of Corr., 84 F.3d 614, 620 (2d Cir. 1996). Accordingly, "[a]bsent clear notice of a risk of harm to the prisoner, courts routinely deny [Eighth Amendment] claims based upon surprise attacks." Fernandez v. N.Y. City Dep't of Correction, No. 08 Civ. 4294, 2010 WL 1222017, at *8 (S.D.N.Y. Mar. 29, 2010) (internal quotation marks, citations and alteration marks omitted); see also Velasquez v. Bankich, No. 97 Civ. 8424, 2000 WL 1568326, at *2 (S.D.N.Y. Oct. 19, 2000) (holding "[a] one-time altercation between two inmates, even one recorded in the daily log, is not sufficient" to "satisfy the subjective component of a deliberate indifference inquiry") (quoting Farmer v. Brennan, 511 U.S. 825, 842-43 (1994)).

Here, neither the First Amended Complaint nor Plaintiff's opposition provide any factual basis supporting an inference that any of the Defendants were aware of a risk posed by Plaintiff's assailant or a generalized risk due to the conditions. Plaintiff does not argue that any Defendant was aware of a specific history between Plaintiff and his assailant. Nor does Plaintiff include allegations or evidence of prior similar incidents of which Defendants were aware that could support deliberate indifference to a general risk of harm. See Blandon v. Aitchison, No. 17 Civ. 65 (KMK), 2019 WL 1206370, at *7 (S.D.N.Y. Mar. 14, 2019) (to state a claim for a general risk of harm, a plaintiff must plead "that the defendants knew of a history of prior inmate-on-inmate attacks similar to the one suffered by the plaintiff and that the measures they should have taken in response to such prior attacks would have prevented the attack on the plaintiff" and that "courts typically require specific allegations of a pattern of analogous inmate-on-inmate attacks that would make the attack suffered by the plaintiff foreseeable.") (emphasis added).

Plaintiff's opposition does include additional specific allegations in the form of notes taken regarding a video of the incident. See Pl. Opp. at 3. However, these allegations actually

3

undercut Plaintiff's claims. The notes indicate only that a video shows Plaintiff's assailant, Mr. Collins "bends over and does something with his arms" for eighteen seconds approximately ten minutes before he assaulted Plaintiff. See id. But the notes clearly state that "[n]o officers are in camera view observing." See id. The notes do not provide any other information that could support an inference that Mr. Collins bending and "doing something with his arms" would have obviously posed a risk to any incarcerated individual. See id. In any case, the video indicates that none of the defendants were shown to have observed the action. See id.

The notes then indicate that, less than a minute before the assault, the video shows Mr. Collins again "bends over fiddling with something in front of him" and is "pulling something up with his right hand." See id. This action lasts only twenty seconds. See id. Plaintiff does not further attempt to explain how these actions clearly put each Defendant on notice of a risk to Plaintiff. Thirty-three seconds later, "Mr. Collins raises the chain from his waist and starts to swing the chain with force at Mr. Brown." See id. Within thirty-three seconds (from 9:28:58 to 9:29:31), officers pull Mr. Collins off of Plaintiff. See id. The video notes do not include any indication that Mr. Collins was obviously unrestrained or otherwise a risk to those around him before he commenced assaulting Plaintiff. See id.

Based on the notes that Plaintiff provides regarding the video, there is no basis of support that there was a "clear notice of a risk of harm" to Plaintiff that Defendants were aware of until the assault commenced at 9:28:58. See Fernandez, 2010 WL 1222017, at *8. In fact, the notes indicate that the video does not show that Defendants actually observed Mr. Collins' actions or otherwise would have been aware of a risk in advance of the assault. See Pl. Opp. at 3. Once the assault commenced and the threat became obvious, the notes indicate that the officers were able to intervene and end the assault by 9:29:31, within thirty-three seconds. See id. Therefore, even

4

including the additional allegations from Plaintiff's opposition, Plaintiff has failed to include sufficient factual matter to support an inference that Defendants were deliberately indifferent to a risk to Plaintiff's safety.

## POINT II

**ANY ALLEGED DELAY IN INTERVENING IN THE ALLEGED ASSAULT CANNOT FORM THE BASIS OF A CONSTITUTIONAL VIOLATION**

As noted in Defendants' moving papers at Point II, Plaintiff failed to support his claim that CO Yunes and Sergeant Deacon were deliberately indifferent for a delay in intervening in the assault on Plaintiff once it commenced.

In the FAC, Plaintiff had alleged that CO Yunes and Sergeant Deacon observed the assault, but failed to intervene immediately to protect Plaintiff. See FAC at 6-7. Plaintiff's opposition undermines this claim. As noted above, the notes regarding the video of the incident included by Plaintiff in his opposition indicate that officers had pulled Mr. Collins off of Plaintiff within thirty-three seconds of the assault commencing. See Pl. Opp. at 3. Such quick action clearly does not support a claim of deliberate indifference in the circumstances indicated here, where an incarcerated individual is actively swinging a chain. As argued in the moving brief, a short delay before security staff intervened in an altercation between two incarcerated individuals in a recreation yard does not support a constitutional violation, especially where Plaintiff concedes that officers did ultimately intervene and bring the assault to an end within thirty-three seconds. The allegations clearly indicate that officers were able to quickly intervene and end the assault, and Plaintiff provides no basis to support that a supposed delay of mere seconds by CO Yunes or any other Defendant before intervening into an altercation involving two incarcerated individuals and a weapon in the middle of the keeplock yard was a conscious disregard of a risk

to the safety of incarcerated individuals.  Therefore, Plaintiff's claim based on any brief delay in intervention into the assault should also be dismissed.

## POINT III

**THE ALLEGATIONS FAIL TO SUPPORT THE SUBJECTIVE ELEMENT OF AN EXCESSIVE FORCE CLAIM**

Further, Plaintiff's opposition makes even clearer that the claim that CO DelBianco used oleoresin capsicum ("OC spray") at Sergeant Deacon's orders is insufficient to state a claim against either Defendant for excessive force under the Eighth Amendment given the circumstances alleged.

The video notes included in Plaintiff's opposition papers indicate that Plaintiff was "kicking at Mr. Collins" during the altercation. See Pl. Opp. at 3.  These facts make even clearer that Plaintiff's Eighth Amendment excessive force claim based on CO DelBianco's use of OC spray on both incarcerated individuals involved in the altercation is not supported by the allegations.  As discussed in Defendants' moving papers, an Eighth Amendment excessive force claim has a subjective element that turns on whether "force applied was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." See Wright v. Goord, 554 F.3d 255, 268 (2d Cir. 2009).  The video notes in Plaintiff's opposition make even clearer that the use of OC spray was reasonable in the circumstances of a physical altercation between two incarcerated individuals in the keeplock yard where an incarcerated individual was swinging and striking Plaintiff with a chain thirteen times in thirty-three seconds while Plaintiff was kicking back. See Pl. Opp. at 3.  The allegations of the FAC and the notes in Plaintiff's opposition make clear that the use of OC spray to encourage the incarcerated individuals to cease and separate was appropriate and warranted.  Therefore, Plaintiff's claim of excessive force under the Eighth Amendment fails to state a claim and should be dismissed.

## POINT IV

### IN ANY CASE, PLAINTIFF'S CLAIMS SHOULD BE DISMISSED BECAUSE DEFENDANTS ARE ENTITLED TO QUALIFIED IMMUNITY

Alternatively, Plaintiff's opposition makes clearer that his claims should be dismissed for the additional reason that the Defendants are entitled to qualified immunity, as the Defendants' actions have not violated any clearly established right.

As discussed above, Plaintiff's opposition includes additional specific facts that lay bare the lack of any basis for a deliberate indifference or excessive force claim here. However, even if the Court finds that Plaintiff has stated a claim, Defendants should be dismissed because the allegations make clear that their actions did not violate any clearly established rights. Plaintiff here complains of highly discretionary decisions that occurred in the context of a surprise physical altercation between two incarcerated individuals wherein one individual was striking the other with a chain in the keeplock yard of a prison. The video notes make clear both how subtle any possible risk was and how quickly the officers responded once the altercation commenced. See Pl. Opp. at 3. In addition, Plaintiff's opposition makes clear that Plaintiff was kicking the other incarcerated individual, further supporting the use of OC spray to diffuse a dangerous fight between two incarcerated individuals. See id. The highly discretionary split-second decisions made by Defendants in responding to a dangerous and developing altercation between two incarcerated individuals in a recreation yard are precisely the situation in which qualified immunity is appropriate, because the specific contours of clearly established rights are difficult to glean and changing by the second. In any case, Plaintiff does not argue that the use of OC spray to disrupt mutual combat between two incarcerated individuals was inappropriate. In fact, Plaintiff's opposition indicates that Defendants were able to quickly act and end the altercation within thirty-three seconds while using only OC spray. Therefore, the Court should

7

grant the Defendants qualified immunity and dismiss the FAC.

## POINT V

### THE COURT SHOULD GRANT DEFENDANTS' REMAINING ARGUMENTS, AS PLAINTIFF DOES NOT ADDRESS THEM IN HIS OPPOSITION

Plaintiff's opposition fails to address Defendants' remaining arguments. Therefore, they should be granted for the reasons set forth in Defendants' moving brief at Points IV-IX.

## CONCLUSION

For all of the foregoing reasons as well as the reasons set forth in Defendants opening brief, Defendants respectfully request that the Court grant their motion to dismiss the FAC in its entirety.

Dated: New York, New York
October 13, 2021

> Respectfully submitted,
> LETITIA JAMES
> Attorney General
> State of New York
> <u>Attorney for Defendants</u>
> By:
>
> *S/ Brendan M. Horan*
> Brendan M. Horan
> Assistant Attorney General
> 28 Liberty Street, 18th Floor
> New York, New York 10005
> 212-416-8973
> Brendan.Horan@ag.ny.gov