UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MALIK L. BROWN,

        Plaintiff,

-against-

STEPHEN URBANSKI;

        Defendant(s)

Case No. 21-CV-214(CS)

**UNTIMELY RESPONSE**

Please take notice, that pursuant to Rules 26(f) and 16 of the Federal Rules of Civil Procedure defendants have failed to meet the burden of discovery as directed in Civil Case Discovery Plan and Scheduling Order specifically Rule 26(f)(4) the opposing has failed to obtain written consent of plaintiff (MALIK L. BROWN) for any extension of production of documents as well have failed to make application with the courts at least three weeks prior to applicable deadline for said reason any and all responses not meeting deadline are waived including defendants supplimental response made 24 days after their initial response and 11 days past deadline of discovery this affects discovery and should not be allowed for its excessive and extendend beyond responses without consent from plaintiff or leave of court.

RECEIVED OCT 06 2022 U.S.D.C. W.P.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X

Malik L. Brown,

    Plaintiff(s),

against

Stephen Urbanski,

    Defendant(s),
----------------------------------------X

CIVIL CASE DISCOVERY PLAN
AND SCHEDULING ORDER

7: 21 -CV- 214 (CS)

Seibel, J.

The following Civil Case Discovery Plan and Scheduling Order is adopted, after consultation with counsel for the parties, pursuant to Rules 26(f) and 16 of the Federal Rules of Civil Procedure.

1. The case (is)/(is not) to be tried to a jury.

2. Amended pleadings may not be filed and additional parties may not be joined except with leave of the Court. Any pre-motion conference in connection with a motion to amend or join additional parties must be requested by __6/15/22__

3. Initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) shall, if not already made, be made within 14 days of the date of this Order.

4. All fact discovery shall be completed by __9/15/22__

The parties are to conduct discovery in accordance with the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Southern District of New York. The following interim deadlines shall apply, but may be extended by written consent of all parties without application to the Court, provided that all fact discovery is completed by the date set forth above. Any extension that would affect that fact discovery cut-off may be obtained only by Court order for good cause shown. Any such application will be denied if not made at least three weeks before the applicable deadline, absent extraordinary circumstances.

   a. Initial requests for production of documents are to be served by __4/26/22__

   b. Interrogatories are to be served by __4/26/22__
   The provisions of Local Civil Rule 33.3 (shall)/(shall not) apply to this case.

   c. Depositions are to be completed by __8/15/22__
   Unless counsel agree otherwise or the Court so orders, depositions are not to be held until all parties have responded to any initial requests for production of documents, and depositions shall proceed concurrently. Whenever possible, unless counsel agree otherwise or the Court so orders, non-party depositions shall follow party depositions.

   d. Requests to Admit, if any, are to be served by __9/15/22__



RECEIVED
OCT 06 2022
U.S.D.C.
W.P.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------X
MALIK L. BROWN,

         Plaintiff,

   - against -

STEPHEN URBANSKI, JOSEPH DEACON, and
MARK DELBIANCO.

         Defendants.

---------------------------------------------------------X

Case No. 21 CV. 214 (CS)

**DEFENDANTS' SUPPLEMENTAL RESPONSE TO PLAINTIFF'S SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**

   Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and the Local Civil Rules of the United States District Courts for the Southern and Eastern Districts of New York (the "Local Rules"), Defendants Former Deputy Superintendent of Security Stephen Urbanski, Correction Sergeant Joseph Deacon, and Correction Officer Mark DelBianco, (collectively "Defendants"), by their attorney LETITIA JAMES, the Attorney General of the State of New York, hereby respond to Plaintiff's Requests for Production of Documents to Defendants, dated August 3, 2022, as follows:

## PRELIMINARY STATEMENT

   1.  The Defendants have not completed the investigation of the facts relating to this action, discovery, and review of all documents or preparation for trial. The Defendants reserve their right to rely on any facts, documents or other evidence which may develop or come to their attention subsequent hereto. The Defendants' responses as set forth herein are based upon information presently known to the Defendants, DOCCS, and their attorneys. The Defendants' responses are set forth herein without prejudice to their right to assert additional objections or produce supplemental materials should additional materials or grounds for objections or responses, pursuant to Fed. R.

1

Civ. P. 26(e), be discovered. The Defendants reserve their right to supplement or amend these responses and objections at any time prior to the trial of this action.

2. By providing the information below, the Defendants do not in any way waive or intend to waive and are preserving: (a) all objections to competency, relevance, materiality, and admissibility of the responses or the subject matter thereof; (b) all objections as to vagueness, ambiguity, or undue burden; (c) all rights to object on any ground to the use of any of said responses or the subject matter thereof, in any subsequent proceeding, including the trial of this or any other action; and (d) all rights to object on any ground to any request for further responses to these or any discovery requests involving or relating to the subject matters of these requests.

3. By referring Plaintiff to documents, the Defendants do not concede the admissibility or relevance of any document produced or referred to, or that the document is original, true, accurate, complete, or authentic. The Defendants reserve their right to challenge the competency, relevance, materiality, and admissibility of, or to object on any ground to the use of, any information set forth herein or documents produced in any subsequent proceeding or the trial of this or any other action.

4. The inadvertent disclosure of any information and/or document that is privileged, was prepared in anticipation of litigation, or is otherwise excludable from discovery, shall not constitute a waiver of any privilege or of any other ground for objecting to discovery with respect to that information, document or any other document, its subject matter, the information contained therein, or of the Defendants' right to object to the use of any such document or the information contained therein during any proceeding in this litigation or otherwise.

5. The Defendants object to each request to the extent that it seeks information that is beyond the scope of discovery permitted under Rules 26 and 34 of the Federal Rules of Civil Procedure and Rule 26.3 of the Local Civil Rules.

6.  The Defendants object to the requests to the extent they seek information outside the possession, custody or control of the Defendants or DOCCS.

7.  Defendants object to the requests to the extent that the seek response on a more expedited basis than that provided by the Federal Rules of Civil Procedure.

Without waiving the foregoing objections, the Defendants respond as follows:

## SPECIFIC OBJECTIONS AND RESPONSES

**Request for Production No. 1:**

"Copy of the Original Restraint Order with Proof of Service upon Plaintiff, Date, Time, place and signature upon such service of Plaintiff."

**Response to Request for Production No. 1:**

The Defendants object to this request to the extent it seeks "proof of service" as Restraint Orders generally do not contain this information. Without waiving said objections, please see the Restraint Orders annexed hereto as **Exhibit A.**

Dated:  New York, New York
        September 26, 2022

LETITIA JAMES
Attorney General
State of New York
*Attorney for Defendants*
By:

*S/ Andrew Blancato*
Andrew Blancato
Assistant Attorney General
28 Liberty Street
New York, New York 10005
(212) 416-6359

3

