UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MALIK L. BROWN,
                    Plaintiff,
    —against—                          Case No. 21-CV-214(CS)
STEPHEN URBANSKI;,

                    Defendants,

MEMORANDUM OF LAW IN SUPPORT OF
PLAINTIFF'S MOTION FOR THE APPOINTMENT
             OF COUNSEL

RECEIVED OCT 17 2022 PRO SE OFFICE

This is a civil rights case filed under 42 U.S.C. §1983 by a state prisoner and asserting claims for the unconstitutional excessive use of force, conditions of confinement (deprevation of recreation) where plaintiff suffered numerous injuries while in restraints and defenseless by another prisoner weilding restraints used as an dangerous instrument also increased pain and emotional distress due to the use of force. The plaintiff seeks damages as to all claims and wishes to be afforded a trial by jury.

The complaint alleges that the plaintiff was assaulted by another inmate while fully restrained with the unsecure restraints of this prisoner also that plaintiff was never served an restraint order and was unlawfully deprived the basic necessity of recreation for 37 days in the sun in a overcrowded yards of prisoners in restraints further states staff watched the assault and when finally responsed to officers deliberately

applied a burst of OC spray tho assault was over. Also states lack of medical care as a result plaintiff suffered numerous, swelling, bruises and lacerations an outside trip to St. Lukes hospital in Newburgh was needed where staples were multiple staples was used to close plaintiffs head when sent back to the facility another head laceration was discovered and plaintiff sent back to St. Lukes where doctors gave prison personel a treatment plan for said wound. Upon foiled admissions by staff revealed plaintiff was hit over (14) times officer was given a command to intentionally pepper spray me tho non-combative and clearly victim.

## ARGUMENT

Factual Complexity. Plaintiff alleges he was never served or seen a restraint order and his restraints were unlawful as well that staff sat and watched him get assaulted and battered then upon responding commanding officer whom observed it all gave another officer the order to apply a burst of OC spray deliberately and with excessive force to him tho fully subdued, non-combative and clearly in need of medical assistance. Finally he claims defendants and their assistance by District Attorneys Office makes this a factual complex case he has not been taken serious and is given documents untimely and not in complete or not at all.

In addition one of the plaintiff claims

involves his open wounds and the intense pain cause by exposure to the oc spray as well any damage that may have been contracted longevity. It will probably be necessary to present a medical expert witness or to cross-examine one called by the defendants or both. The presence of medical or other issues requiring expert testimony supports the appointment of counsel. MOORE v Mabus, 976 F.2d 268, 272 (5th Cir. 1992) Montgomery v. Pinchak, 294 F.3d 492, 503-04 (3rd Cir. 2002)

The plaintiff's ability to investigate. The plaintiff is currently incarcerated and has limited access to the prisons law library due to set schedules and overcrowding, and hasn't the ability to investigate the facts, e.g. Identify, locate and interview those within the vicinity whom may have seen some or all the use of force also those in restraints as well to see if they were given a restraint order. He is in the same situation with regard to developing the facts as a prisoner who has been transferred to a different institution, a factor that many courts have cited in appointing counsel. Gatson v. Coughlin, 679 F.Supp. 270, 273 (W.D.N.Y. 1988)

In addition this case will require considerable discovery concerning the identity of witnesses, the officers reports that may be claimed priviledged statements about the incident electronically stored, any history of misuse of force by the officers, and the plaintiff's medical history. see Parham v. Johnson, 126 F.3d 454, 459 (3d Cir. 1997) (holding counsel should have been appointed because prisoner's lack of legal experience and the complex discovery rules clearly put him at a disadvantage in countering defendants tactis in discovery).

Conflicting Testimony. An Investigation of plaintiff's being in restraints and excessive use of force was answered by Defendants then is squarely in conflict with the statements they are giving now after almost two and a half years the refusal to produce the serving officer, the admissions, of intentional use of force. This aspect of the case will be a credibility contest between the defendants and the plaintiff (and such incarcerated witnesses as can be located.) The existence of these credibility issues support the appointment of counsel. Gatson v. Coughlin, 679 F.supp. at 273. (Steele v. Shah, 87 F.3d 1266, 1271 (11th Cir. 1996)

The ability of indigent to present Claim. Plaintiff is an indigent prisoner with no legal training, a factor that supports the appointment of counsel. Forbes v. Edgar, 112 F.3d 262, 264

Legal Complexity. Plaintiff has asked for a jury trial which requires much greater legal skill than the plaintiff has or can develop. Solis v County of Los Angeles, 514 F.3d 946, 958

Merit of the case. The plaintiff claims clearly establish a constitutional violation. The unprovoked deliberate use of force while fully subdued and non-combative states an eighth amendment violation. The conditions of confinement leading to 37 days of unlawful restraint ultimately causing multiple injuries including an cracked skull and

defendant's failure to prove that plaintiff was actually served for that is an eigth amendment violation. In the two & a half years defendants have shown nothing other than printed paper. Clearly with the aid of counsel they can cite things I don't know but what I do know is I need a Lawyer to argue my point the fact in an expertise I cant.

For the foregoing reasons, the court should grant the plaintiff's motion and appoint counsel in this case.

[Dated]: October 6th, 2022

M. Brown

MALIK L BROWN
FIVE.POINTS.CORRECTIONAL.FACILITY
Caller Box 119 State Rte 96
ROMULUS, NY 14541