UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
MALIK L. BROWN,

                    Plaintiff,

          - against -

STEPHEN URBANSKI, JOSEPH DEACON, and
MARK DELBIANCO.

                    Defendants.
------------------------------------------------------------X

Case No. 21 CV. 214 (CS)

**DEFENDANTS' STATEMENT OF UNDISPUTED MATERIAL FACTS PURSUANT TO FED. R. CIV. P. 56 AND LOCAL CIVIL RULE 56.1**

Pursuant to Rule 56.1 of the Local Rules of this Court, Defendants Former Deputy Superintendent of Security Stephen Urbanski, Correction Sergeant Joseph Deacon, and Correction Officer Mark DelBianco, (collectively "Defendants"), by their attorney LETITIA JAMES, Attorney General of the State of New York, submit the following statement of material facts as to which they contend there is no genuine issue in dispute and which entitle them to summary judgment as a matter of law.

For the purposes of this motion only, the following facts are undisputed:

1. In November of 2019, Plaintiff was incarcerated by the New York State Department of Corrections and Community Supervision ("DOCCS") in the Greene Correctional Facility serving a criminal sentence for attempted robbery in the second degree. See Deposition of Malik Brown dated June 22, 2022 ("Pl. Dep. Tr."), annexed to the Declaration of Andrew Blancato ("Blancato Decl.") as **Exhibit ("Ex.") A**, pp. 13:09-13.

2. Plaintiff was transferred to a special housing unit ("SHU") of Fishkill Correctional Facility on December 27, 2019 from Greene Correctional Facility, where he had been previously serving time in a SHU for an altercation with other inmates on November 5, 2019. See Pl. Dep. Tr., pp. 15:10—18:9.

3. In April of 2020, Plaintiff was transferred into a Keep Lock unit from SHU, as the SHU unit was to be used to isolate COVID-positive I/Is. See Pl. Dep. Tr., pp. 35:10—36:3.

4. Keep Lock is a separate unit within a facility for individuals serving disciplinary sanctions, generally considered to be less severe than SHU sanctions. See **Ex. B,** Directive 4933, § 301.6.

5. On April 23, 2020, CO Peralta alleged that Plaintiff refused to comply with his direct order and further alleged that Plaintiff swung closed fists while Plaintiff was serving time in the Keep Lock unit. See **Ex. C,** disciplinary packet dated May 7, 2020.

6. As a result of the alleged misconduct from April 23, 2020, Plaintiff received a misbehavior report deeming his behavior assaultive in nature. See **Ex. C,** disciplinary packet dated May 7, 2020.

7. Plaintiff was disciplined for the April 23, 2020 incident. Plaintiff's discipline included a restraint order, which was implemented in May of 2020 pursuant to Section 305.4 of DOCCS Directive 4933. See **Ex. D,** Restraint Orders combined; see also, Pl. Dep. Tr., pp. 26:25–27:16; 35:18–36:8; **Ex. B**, Directive 4933.

8. Plaintiff's restraint order required him to wear handcuffs and a waist chain during recreation. His legs and feet were not required to be shackled. See **Ex. D,** Restraint Orders combined; see also, Pl. Dep. Tr., p. 26:5–13.

9. Plaintiff's restraint order was originally authorized on May 7, 2020 and reauthorized on May 14, 2020, May 28, 2020, June 4, 2020, and June 11, 2020. At the time of the subject incident, Plaintiff had been subject to the restraint order for approximately 38 days. See **Ex. D,** Restraint Orders combined; see also, Amen. Compl. p. 6.

10. Plaintiff received two-and-a-half hours of recreation per day from May 7, 2020 through June 14, 2020. See Pl. Dep. Tr., pp. 33:9–14, 80:10–13.

11. Plaintiff was not subject to the terms of the restraint order while in his cell during this time. Pl. Dep. Tr., pp. 33:18–21.

12. On June 14, 2020, Defendant Joseph Deacon was employed by DOCCS as a Correction Sergeant at Fishkill. See Amen. Compl. p. 4.

13. On June 14, 2020, Defendant Mark DelBianco was employed by DOCCS as a Correction Officer ("CO") at Fishkill. Id.

14. On June 14, 2020, Defendant Stephen Urbanski was employed by DOCCS as the Deputy Superintendent of Security ("DSS") at Fishkill. Id.

15. On June 14, 2020, former[1] Defendant Issa Yunes was employed by DOCCS as a CO at Fishkill. Id.

16. On June 14, 2020, former Defendant Alexander Minard was employed by DOCCS as a CO at Fishkill. Id.

17. On June 14, 2020, former Defendant Brendan Walsh was employed by DOCCS as a CO at Fishkill. Id.

18. On June 14, 2020, Benjamin Velez was employed by DOCCS as a CO at Fishkill. Id.

19. On June 14, 2020, at approximately 9:29:00 AM,[2] I/I Shawn Collins approached Plaintiff and struck him with his waist chain in the Keeplock 21A recreation yard. See **Ex. E**, video camera footage; **Ex. F**, Use of Force Report, pp. 4–5, 12–13; Pl. Dep. Tr., p. 60:25–61:2;

---

[1] CO Yunes, CO Minard, and CO Walsh were named as Defendants in Plaintiff's Amended Complaint but all claims against them were dismissed by this Court in the Motion to Dismiss Opinion dated March 15, 2022.
[2] All timing approximations based on the white time stamp in the upper-left hand side of the video camera footage.

20. At approximately 9:29:14 AM, CO Yunes gave I/I Collins several direct orders to stop assaulting Plaintiff. See **Ex. E**, video camera footage; **Ex. F**, Use of Force Report, p.6; Pl. Dep. Tr., p. 54: 18-22.

21. I/I Collins ignored several direct orders from CO Yunes to stop assaulting Plaintiff from approximately 9:29:14 AM–9:29:29 AM. See **Ex. E**, video camera footage; **Ex. F**, Use of Force Report, p.4; see also, Pl. Dep. Tr., p. 50:9-16.

22. At approximately 9:29:28 AM, Defendants Deacon and DelBianco were on duty in the recreation yards at Fishkill and responded to the Keeplock 21-A recreation yard. See **Ex. E**, video camera footage; **Ex. F**, Use of Force Report, pp. 4–5, 12–13.

23. CO Minard and CO Walsh ran to the scene and attempted to restrain I/I Collins from Plaintiff, with Defendant DelBianco immediately behind them. See **Ex. E**, video camera footage, 9:29:28 – 9:29:31.

24. Shortly thereafter, Defendant Deacon ordered staff to use oleoresin capsicum spray ("OC spray") to end the altercation. See **Ex. F,** Use of Force report, p. 5; see also, Pl. Dep. Tr., p. 54:18-22.

25. Defendant DelBianco then administered OC spray from his personal cannister at approximately 9:29:33. See Id., p. 5, 13; see also, Pl. Dep. Tr., p. 54:18-22; **Ex. E**, video camera footage.

26. After discharging the OC spray, Defendant DelBianco, along with CO Yunes, CO Walsh, and CO Minard separated I/I Collins and Plaintiff at approximately 9:29:41. **Ex. F**, Use of Force Report, pp. 4–5, 12–13; **Ex. E**, video camera footage.

27. Plaintiff was escorted by CO Velez to the Fishkill infirmary. See **Ex. F**, Use of Force Report, pp. 6–15; see also, Pl. Dep. Tr., pp. 53:22-11, 74:1-11 **Ex. E**, video camera footage at 9:30:01.

28. Plaintiff was treated at the infirmary for a laceration to the head, bruising to the back of the head, and abrasions to the elbows, knee, and hands. No further injuries were noted or reported. See **Ex. F,** Use of Force Report, p. 1.

Dated: New York, New York
December 30, 2022

LETITIA JAMES
Attorney General of the State of New York
Attorney for Defendant
By:

/s/ Andrew Blancato
Andrew Blancato
Assistant Attorney General
28 Liberty Street
New York, NY 10005
(212) 416-6359
