UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
MALIK BROWN,

      Plaintiff,

  - against -

STEPHEN URBANSKI, JOSEPH DEACON, and
MARK DELBIANCO,

      Defendants.
------------------------------------------------------------- X

21 CV 214 (CS)

**LOCAL RULE 56.2 NOTICE TO PRO SE LITIGANT OPPOSING MOTION FOR SUMMARY JUDGMENT**

  The defendants in this case have moved for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. This means that the defendants have asked the court to decide this case without a trial, based on written materials, including affidavits, submitted in support of the motion. THE CLAIMS YOU ASSERT IN YOUR AMENDED COMPLAINTS MAY BE DISMISSED WITHOUT A TRIAL IF YOU DO NOT RESPOND TO THIS MOTION ON TIME by filing sworn affidavits and/or other documents as required by Rule 56(c) of the Federal Rules of Civil Procedure and by Local Civil Rule 56.1. The full text of Rule 56 of the Federal Rules of Civil Procedure and Local Civil Rule 56.1 is attached.

  In short, Rule 56 provides that you may NOT oppose summary judgment simply by relying upon the allegations in your Amended Complaint. Rather, you must submit evidence, such as witness statements or documents, countering the facts asserted by the defendants and raising specific facts that support your claim. If you have proof of your claim, now is the time to submit it. Any witness statements must be in the form of affidavits. An affidavit is a sworn statement of fact based on personal knowledge stating facts that would be admissible in evidence at trial. You

may submit your own affidavit and/or the affidavits of others. You may submit affidavits that were prepared specifically in response to the defendants' motion for summary judgment.

If you do not respond to the motion for summary judgment on time with affidavits and/or documents contradicting the material facts asserted by the defendants, the Court may accept the Defendants' facts as true. Your case may be dismissed and judgment may be entered in the defendants' favor without a trial.

If you have any questions, you may direct them to the Pro Se Office.

Dated: New York, New York
January 3, 2023

                                                 Yours, etc.,

                                                 LETITIA JAMES
                                                 Attorney General of the
                                                 State of New York
                                                 Attorneys for Defendants
                                                 By:

                                                  /s/ Andrew Blancato
                                                 Andrew Blancato
                                                 Assistant Attorney General
                                                 28 Liberty Street
                                                 New York, New York 10005
                                                 (212) 416- 6359
                                                 Andrew.Blancato@ag.ny.gov

TO:    MALIK L. BROWN
          358 Orange Street
          1st Fl
          Albany, NY 12206
          PRO SE

| United States Code Annotated |
| --- |
| Federal Rules of Civil Procedure for the United States District Courts (Refs & Annos) |
| Title VII. Judgment |

Federal Rules of Civil Procedure Rule 56

Rule 56. Summary Judgment [Rule Text & Notes of Decisions subdivisions I to XV]

Currentness

<Notes of Decisions for 28 USCA Federal Rules of Civil Procedure Rule 56 are displayed in multiple documents.>

**(a) Motion for Summary Judgment or Partial Summary Judgment.** A party may move for summary judgment, identifying each claim or defense--or the part of each claim or defense--on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. The court should state on the record the reasons for granting or denying the motion.

**(b) Time to File a Motion.** Unless a different time is set by local rule or the court orders otherwise, a party may file a motion for summary judgment at any time until 30 days after the close of all discovery.

**(c) Procedures.**

(1) *Supporting Factual Positions.* A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:

(A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or

(B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

(2) *Objection That a Fact Is Not Supported by Admissible Evidence.* A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence.

(3) *Materials Not Cited.* The court need consider only the cited materials, but it may consider other materials in the record.

(4) *Affidavits or Declarations.* An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.

**(d) When Facts Are Unavailable to the Nonmovant.** If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:

(1) defer considering the motion or deny it;

(2) allow time to obtain affidavits or declarations or to take discovery; or

(3) issue any other appropriate order.

**(e) Failing to Properly Support or Address a Fact.** If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may:

(1) give an opportunity to properly support or address the fact;

(2) consider the fact undisputed for purposes of the motion;

(3) grant summary judgment if the motion and supporting materials--including the facts considered undisputed--show that the movant is entitled to it; or

(4) issue any other appropriate order.

**(f) Judgment Independent of the Motion.** After giving notice and a reasonable time to respond, the court may:

(1) grant summary judgment for a nonmovant;

(2) grant the motion on grounds not raised by a party; or

(3) consider summary judgment on its own after identifying for the parties material facts that may not be genuinely in dispute.

**(g) Failing to Grant All the Requested Relief.** If the court does not grant all the relief requested by the motion, it may enter an order stating any material fact--including an item of damages or other relief--that is not genuinely in dispute and treating the fact as established in the case.

**(h) Affidavit or Declaration Submitted in Bad Faith.** If satisfied that an affidavit or declaration under this rule is submitted in bad faith or solely for delay, the court--after notice and a reasonable time to respond--may order the submitting party to pay the other party the reasonable expenses, including attorney's fees, it incurred as a result. An offending party or attorney may also be held in contempt or subjected to other appropriate sanctions.

## CREDIT(S)

(Amended December 27, 1946, effective March 19, 1948; January 21, 1963, effective July 1, 1963; March 2, 1987, effective August 1, 1987; April 30, 2007, effective December 1, 2007; March 26, 2009, effective December 1, 2009; April 28, 2010, effective December 1, 2010.)

## ADVISORY COMMITTEE NOTES

1937 Adoption

This rule is applicable to all actions, including those against the United States or an officer or agency thereof.

Summary judgment procedure is a method for promptly disposing of actions in which there is no genuine issue as to any material fact. It has been extensively used in England for more than 50 years and has been adopted in a number of American states. New York, for example, has made great use of it. During the first nine years after its adoption there, the records of New York county alone show 5,600 applications for summary judgments. Report of the Commission on the Administration of Justice in New York State (1934), p. 383. See also *Third Annual Report of the Judicial Council of the State of New York* (1937), p. 30.

In England it was first employed only in cases of liquidated claims, but there has been a steady enlargement of the scope of the remedy until it is now used in actions to recover land or chattels and in all other actions at law, for liquidated or unliquidated claims, except for a few designated torts and breach of promise of marriage. *English Rules Under the Judicature Act* (The Annual Practice, 1937) O. 3, r. 6; Orders 14, 14A, and 15; see also O. 32, r. 6, authorizing an application for judgment at any time upon admissions. In Michigan (3 Comp.Laws (1929) § 14260) and Illinois (Smith-Hurd Ill.Stats. c. 110, §§ 181, 259.15, 259.16), it is not limited to liquidated demands. New York (N.Y.R.C.P. (1937) Rule 113; see also Rule 107) has brought so many classes of actions under the operation of the rule that the Commission on Administration of Justice in New York State (1934) recommend that all restrictions be removed and that the remedy be available "in any action" (p. 287). For the history and nature of the summary judgment procedure and citations of state statutes, see Clark and Samenow, *The Summary Judgment* (1929), 38 Yale L.J. 423.

Case 7:21-cv-00214-CS   Document 103   Filed 01/03/23   Page 6 of 7

Local Civil Rule 56.1 Statements of Material Facts on..., NY R USDCTS&ED...

| New York Federal Court Rules |
| United States District Courts for the Southern and Eastern Districts of New York |
| Local Civil Rules |

U.S.Dist.Ct.Rules S.&E.D.N.Y., Civ Rule 56.1

Local Civil Rule 56.1 Statements of Material Facts on Motion for Summary Judgment

Effective: October 1, 2020

Currentness

(a) Upon any motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, there shall be annexed to the notice of motion a separate, short and concise statement, in numbered paragraphs, of the material facts as to which the moving party contends there is no genuine issue to be tried. Failure to submit such a statement may constitute grounds for denial of the motion.

(b) The papers opposing a motion for summary judgment shall include a correspondingly numbered paragraph responding to each numbered paragraph in the statement of the moving party, and if necessary, additional paragraphs containing a separate, short and concise statement of additional material facts as to which it is contended that there exists a genuine issue to be tried.

(c) Each numbered paragraph in the statement of material facts set forth in the statement required to be served by the moving party will be deemed to be admitted for purposes of the motion unless specifically controverted by a correspondingly numbered paragraph in the statement required to be served by the opposing party.

(d) Each statement by the movant or opponent pursuant to Rule 56.1(a) and (b), including each statement controverting any statement of material fact, must be followed by citation to evidence which would be admissible, set forth as required by Fed. R. Civ. P. 56(c).

**Credits**

[Adopted March 25, 2004. Amended effective July 11, 2011.]

**Editors' Notes**

**COMMITTEE NOTE**

The requirement embodied in Local Civil Rule 56.1 is firmly rooted in the local practice of the Southern and Eastern Districts, and the Committee recommends its retention. The language of Local Civil Rule 56.1 was revised in 2004 to make clear that any statement pursuant to Local Civil Rule 56.1 must be divided into brief, numbered paragraphs, that any opposing statement must respond specifically and separately to each numbered paragraph in the statement, and that all such

Case 7:21-cv-00214-CS Document 103 Filed 01/03/23 Page 7 of 7

Local Civil Rule 56.1 Statements of Material Facts on..., NY R USDCTS&ED...

paragraphs in both statements and opposing statements must be supported by citations to specific evidence of the kind required by Fed. R. Civ. P. 56(c). The Committee believes that the language adopted in 2004 sets forth these requirements clearly, and does not recommend any changes in that language.

U. S. Dist. Ct. Rules S.& E.D.N.Y., Civ Rule 56.1, NY R USDCTS&ED Civ Rule 56.1

Local federal district and bankruptcy court rules and ECF documents are current with amendments received through September 1, 2022. All other local federal district and bankruptcy court materials are current with amendments received through September 1, 2022.

**End of Document** © 2022 Thomson Reuters. No claim to original U.S. Government Works.